UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| HILLARY POWELL, | ) |
| | ) |
| *Plaintiff,* | ) JURY TRIAL DEMANDED |
| | ) |
| v. | ) Case No.: 5:23-cv-00027 |
| | ) |
| VALLEY HEALTH WINCHESTER | ) |
| MEDICAL CENTER, | ) |
| | ) |
| *Defendant.* | ) |

## COMPLAINT

COMES NOW, the Plaintiff Hillary Powell ("Plaintiff" or "Ms. Powell"), by and through her undersigned counsel, and files this complaint against Defendant Valley Health Winchester Medical Center ("Defendant" or "Valley Health") and alleges as follows:

### INTRODUCTION

1. Ms. Powell is a Marine veteran that suffers from service-related PTSD and relies on a service animal to assist with the disability. Ms. Powell is also a nursing student at Shenandoah University and utilizes the GI Bill, a benefit received for serving her country, to complete her course of studies, which involves academic, classroom learning, and "hands on" clinical training at a local hospital. Ms. Powell utilizes her service animal both during classroom and clinical learning. However, Defendant's, despite allowing service animals to assist patients in the hospital, informed Ms. Powell she could not be assisted by her service animal during clinicals when entering patient rooms, regardless of whether a patient agrees to the entry.

1

Instead, Defendant requires the service animal to remain in the hallway unattended as Ms. Powell completes tasks unassisted while working her clinical duties in patient rooms.

2. Defendants discriminate against Ms. Powell by prohibiting her from being assisted by her service animal while performing her clinical studies in patient rooms. Plaintiff brings this complaint to remedy Defendant's ongoing violations of Title III of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

## JURISDICTION AND VENUE

3. Plaintiff hereby repleads and incorporates herein by reference the preceding paragraphs set forth hereinabove.

4. Plaintiff brings this action under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.

5. The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

6. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. §1367 because the state law claims form part of the same case or controversy arising under Article III of the United States Constitution.

7. This Court has personal jurisdiction over Valley Health because it is a Virginia corporation.

8. Venue is proper in the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. §1391(a), & (c) because Valley Health's principal place of business is located within the Western District of Virginia and because all events or omissions giving rise to the claims occurred in the Western District of Virginia.

## PARTIES

9. Plaintiff hereby repleads and incorporates herein by reference the preceding paragraphs set forth hereinabove.

10. Plaintiff is a resident of Edinburg, Virginia 22824.

11. Plaintiff is a military veteran suffering from PTSD and is a person with a disability as defined by the ADA and Section 504.

12. Plaintiff utilizes a service animal, Hank, to assist with and help mitigate her disability on a daily basis.

13. Hank was trained by Healing 4 Heroes, a Georgia based non-profit organization that connects wounded service members and those suffering from PTSD with ADA-compliant service dogs. As part of his training, Hank completed more than eight hundred ("800") documented training hours. Hank completed the American Kennel Club Good Citizen program and passed the Assistance Dogs International Public Access Test.

14. Defendant is a non-profit corporation incorporated under the laws of the State of Virginia and is located at 220 Campus Blvd. Winchester, VA 22601.

## FACTS COMMON TO THE CAUSES OF ACTION

15. Plaintiff hereby repleads and incorporates herein by reference the preceding paragraphs set forth hereinabove.

16. Plaintiff suffers from service-related PTSD.

17. Plaintiff is the owner and handler of Hank, a service animal as defined by Title III of the Americans with Disabilities Act (28 C.F.R § 36.104) and the Virginians with Disabilities Act (VA Code Ann. §51.5-40.1).

18. At all material times subject to this matter, Defendant was a public accommodation as defined by Title III of the Americans with Disabilities Act (42 U.S.C. § 12131(7)(F)) and Virginia state law (VA Code Ann. § 2.2-3904(A)).

19. At all material times subject to this matter, Defendant was a "program or activity" as defined by Section 504 of the Rehabilitation Act (29 U.S.C. § 794(b)(3)(A)(ii)).

20. On April 9, 2021, Plaintiff notified Shenandoah University that she would be bringing Hank both to campus and to Defendant's facilities for her clinical training.

21. On April 13, 2021, a staff member of Shenandoah University, Holli Phillips, responded to Plaintiff's April 9, 2021 message and told Plaintiff that Hank was welcome on campus.

22. In that same message, Ms. Phillips told Plaintiff that Shenandoah University had notified Defendant officials about Hank, but Ms. Phillips made no indication that Defendant had a policy that would prevent Plaintiff from completing clinical course work at Valley Health because of Hank.

23. Plaintiff was not provided with Defendant's Service Animal Policy (the "Policy") in April 2021.

24. When Plaintiff arrived at her first scheduled clinical visit at Valley Health in August 2022, Defendant's staff told Plaintiff that Hank could not accompany Plaintiff into patient rooms and instructed Plaintiff that Hank must remain in the hallway while Plaintiff attended a patient regardless of whether the patient approved of having Hank in the room.

25. Plaintiff refused to leave Hank in the hallway and Defendant subsequently enforced the service dog policy prohibiting clinical students from bringing service animals into patient rooms.

26. At her next scheduled clinical training at Valley Health, also in August 2022, Plaintiff again brought Hank but was asked by Shenandoah University's clinical staff at the hospital to leave the premises based on Defendant's service animal policy.

27. Defendant denied Plaintiff access to regular patient rooms, which allow for patients to have service animals, because she utilized a service dog to complete her clinical training.

28. At no time did Hank bark, growl, or otherwise act in a manner that would suggest that Hank posed a threat to the safety of others.

29. On August 31, 2022, Plaintiff contacted officials at Shenandoah University to discuss Plaintiff's options to complete her clinical work at Valley Health, and to emphasize Plaintiff's need for Hank to be always at or near her side while at Valley Health.

30. On September 2, 2022, a staff member at Shenandoah University, Lisa Levinson, forwarded Plaintiff an incomplete excerpt of Defendant's Policy.

31. On September 6, 2022, Plaintiff requested and received Defendant's complete Service Animal Policy (the "Policy").

32. The stated purpose of Defendant's Policy is to provide "guidelines for access of service animals accompanying individuals with a disability".

33. The Policy carefully lists out all areas in which a service animal was prohibited: isolation precautions, labor areas during the delivery stage, nursing areas, operating rooms, post-anesthesia care units, immediate area of minor surgery, special procedure areas such as cardiac and radiological procedure areas, and the anesthesia holding area.

34. The list of prohibited areas *did not* include regular patient rooms.

35. However, the Policy expressly prohibited student owned service animals from entering regular patient rooms with no exceptions.

36. The Policy did not prohibit Defendant's staff owned service animals, patient owned service animals, or visitor owned service animals from entering regular patient rooms.

37. Recognizing Plaintiff's need for Hank to accompany her during clinical visits to Valley Health, in September 2022, Shenandoah University filed a formal request for accommodation to permit Plaintiff and Hank to enter regular patient rooms.

38. Defendant did not accommodate Plaintiff.

39. Defendant did not otherwise alter the Policy to permit any student to bring service animals into regular patient rooms.

40. Immediate access to Hank was and is necessary for Plaintiff's continued health and well-being.

41. Access to Defendant's regular patient rooms was and is necessary for Plaintiff to successfully finish her Bachelor of Science degree in Nursing from Shenandoah University.

42. As a result, Defendant gave Plaintiff an impossible choice: either choose to have Hank immediately accessible and be barred from regular patient rooms, thereby causing Plaintiff to fail her required clinical work, or leave Hank unattended in the hallway, eliminating Hank's ability to serve Plaintiff, which would have a significant detrimental effect on Plaintiff's personal health and well-being.

43. Plaintiff had never been denied entrance into a public accommodation as defined in Title III of the Americans with Disabilities Act (42 U.S.C. §12381(7)(F); 28 C.F.R. § 36.104) due to the mere presence of Hank.

44. At all times material, Hank was a trained and certified ADA-compliant service dog.

45. At all times material, Hank was secured with a harness, leash, or other type of tether.

46. Plaintiff's service dog is housebroken.

## **FIRST CLAIM FOR RELIEF**

**Violations of Title III of the Americans with Disabilities Act 42 U.S.C. §§ 12181** *et seq.*

47. Plaintiff hereby repleads and incorporates herein by reference the preceding paragraphs set forth hereinabove.

48. At all times material herein, Plaintiff was an individual with disabilities and as such is entitled to the rights, protections, and benefits provided under the Americans with Disabilities Act (42 U.S.C. § 1281, *et seq.*).

49. Plaintiff is substantially limited in the major life activity of seeing and is a person with a disability subject to the protections of the ADA. 42 U.S.C. § 12102.

50. A "place of public accommodation" includes places such as a "professional office of a health care provider, hospital, or other service establishment." 42 U.S.C. § 12181(7)(F).

51. Defendant discriminated against Plaintiff based on her disability and her need for a service animal by denying Hank entry into regular patient rooms to allow her to complete the clinical training necessary to obtain her nursing degree.

52. Defendant is a public accommodation subject to the provisions of the ADA.

53. Defendant's Policy discriminated against Plaintiff in denying access to regular patient rooms, even with patient permission, while simultaneously permitting staff, patients, and visitors to have service animals in regular patient rooms.

54. Defendant did not conduct an individualized assessment regarding the alleged risk Plaintiff's specific service animal posed if she were present with the service animal in regular patient rooms with consent of the patient. See 28 C.F.R. § 36.301(b).

55. Accordingly, Defendant engaged in conduct that was in violation of Title III of the Americans with Disabilities Act.

7

56. As a result of Defendant's violations, Plaintiff was prevented from completing required clinical coursework causing Plaintiff to suffer emotional distress, incur attorney fees and costs, and otherwise adversely affect Plaintiff because of her disability.

57. Unless restrained from doing so, Defendants will continue to violate the ADA.

58. Unless enjoined, Defendants' conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### Violation of Section 504 of the Rehabilitation Act

59. Plaintiff hereby repleads and incorporates herein by reference the preceding paragraphs set forth hereinabove.

60. At all times material herein, Plaintiff was an individual with disabilities and as such is entitled to the rights, protections, and benefits provided under the Rehabilitation Act (29 U.S.C. § 790 *et seq.*).

61. Plaintiff is substantially limited in the major life activity of seeing and is an individual with a disability subject to the protections of Section 504 and is otherwise qualified for nondiscriminatory services from Defendants. See 29 U.S.C. § 794(a); 45 C.F.R. § 84.3.

62. Federal financial assistance is the receipt of funds, services of federal personnel, and/or the receipt of property or an interest in property from the federal government. 45 C.F.R. § 84.3(h).

63. Upon information and belief, Defendant is subject to Section 504 as it receives funds, services of federal personnel, and/or the receipt of property or an interest in property from the federal government.

64. In enacting Section 504, Congress established "the policy of the United States" that all entities receiving federal funding must execute their activities in ways that demonstrate "respect for the privacy, rights, and equal access" of individuals with disabilities. 29 U.S.C. § 701(c)(2).

65. Section 504 states: "no otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

66. Discrimination by a recipient of federal funds includes limiting an individual in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others based on their disability; failing to modify policies, practices, and procedures to permit the use of service animals; and failing to provide appropriate auxiliary aids to ensure effective communication to persons with disabilities. See 29 U.S.C. § 794(a); 45 C.F.R. § 85.21(b)(1)(vi); 45 C.F.R. § 85.51(a)(1)(i); 32 C.F.R. § 56.4; 32 C.F.R. § 56.8(a)(1) & (a)(2)(v) & (a)(11).

67. Defendant discriminated against Plaintiff on the basis of her disability and need for a service animal by refusing to allow Plaintiff and Hank entry into regular patient rooms during Plaintiff's university required clinical coursework.

68. Accordingly, Defendant engaged in conduct that is in violation of Section 504 of the Rehabilitation Act.

69. As a result of Defendants' actions and omissions, Ms. Bartell has suffered and will continue to suffer irreparable harm: she has experienced discrimination and unequal access to Defendants' programs, services, or activities. If there is no change in the status quo, Ms. Bartell will continue to be denied her rights to be accompanied by her service animal and to equally effective communication.

70. As a result of Defendant's discrimination against Plaintiff in violation of the Rehabilitation Act, Plaintiff faced the potential of failing to finish her university required clinical coursework within the terms of her loans and faces the potential loss of her housing, causing Plaintiff to suffer emotional distress, incur compensatory damages as well as attorney fees and costs, and otherwise adversely affects Plaintiff because of her disability.

71. Unless restrained from doing so, Defendants will continue to violate Section 504.

72. Unless enjoined, Defendants' conduct will continue to inflict injuries for which Ms. Bartell has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

**(Violation of Virginians with Disabilities Act)**

73. Plaintiff hereby repleads and incorporates herein by reference the preceding paragraphs set forth hereinabove.

74. At all times material herein, Plaintiff was an individual with disabilities entitled to the rights, protections, and benefits provided under the Virginians with Disabilities Act (VA Code Ann. §51.5, *et seq.*).

75. Defendant's Policy infringed on Plaintiff's right to have Hank accompany her into a public place by not allowing Plaintiff and Hank entrance into regular patient rooms.

76. Accordingly, Defendant engaged in conduct that is in violation of the Virginians with Disabilities Act which permits every disabled person the right to be accompanied by a service dog in any public place (VA Code Ann. §51.5-44).

77. As a result of Defendant's treatment of Plaintiff and violation of the Virginians with Disabilities Act, Plaintiff was prevented from completing university required clinical coursework

causing Plaintiff to suffer emotional distress, incur attorney fees and costs, and otherwise adversely affect Plaintiff because of her disability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against Defendant, and award Ms. Powell all relief as allowed by law, including:

a. Declaratory judgment concerning the applicability and violation of the subject statutes and/or regulations;

b. Provide Plaintiff and Hank perpetual use and access to Defendant's patient rooms.

c. Actual economic damages as established at trial;

d. Compensatory damages, including, but not limited to those for future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses;

e. Attorneys' fees and costs;

f. Such other and further relief as justice requires.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,
**HILLARY POWELL,**
*By Counsel.*

Counsel:

Nathan J.D. Veldhuis (VSB# 68746)
Whitcomb Selinsky P.C.
910 Littlepage Street, Suite A
Fredericksburg, Virginia 22401
T: (804)773-4699
F: (804)877-1798
nathanv@whitcomblawpc.com,
*Counsel for Plaintiff.*